OPINION AND ORDER
GERARD M. SCHUSTER, Chief Justice.
This matter comes on an appeal by Lisa Big Talk, Defendant/Appellant, after conviction upon trial by jury finding her guilty of one count of Hindering Law Enforcement and one count of Harboring a Child.
Emmett Buckles, Public Defender, appeared on behalf of Defendant/Appellant. Lonnie Headdress, Tribal Prosecutor, appeared on behalf of the Tribes.

*357
FACTUAL AND PROCEDURAL SUMMATION

Defendant Big Talk was arrested on July 11, 1999, at 204 Court Avenue, Poplar, Montana, after a report that two juveniles, E. B., Ill and R. B., had escaped from the Juvenile Detention Center at Poplar and were at that address. The residence is at project 9-1, Fort Peck Housing on tribal land, outside of the Poplar city limits, but within a 5-mile radius of the city limits.
Officers arriving at the address were Poplar City Officers Willard White and Tribal Officer Vernon First. Officer First went to the front door of the residence and Officer White went to the back door. Officer White heard a female voice say, “... police, go out the back”. At that time, Officer White observed two juveniles come out the back door; Officer White also observed Defendant Big Talk run to the back of the house. Upon observing Officer White, Defendant stopped and said she didn’t know who the juveniles were, or what they were doing in her home. Officer White then placed her under arrest for Hindering Law Enforcement (Title III, Chapter 4, Section 408, Fort Peck Tribal Code Of Justice), and Harboring a Child (Title III, Chapter 2, Section 206, Fort Peck Tribal Code of Justice). Tribal rights were advised. Defendant was processed at the Tribal jail and Court.
Defendant was convicted on both charges by a jury on January 5, 2000. She was sentenced by the Court, and her sentence was stayed during appeal, by order of Judge Stafne on January 7, 2000.
This appeal followed.

ISSUES

The issue on appeal can be stated as fallows:

Was the arrest of Defendant Big Talk by Officer White of the Poplar Police Department illegal or defective? The issue has sub-parts stated as follows:
a) illegal arrest
b) defective arrest

OPINION AND HOLDING

The arrest of Defendant Big Talk was not illegal or defective.
The conviction of Defendant Big Talk as to both crimes is confirmed and upheld.

STANDARD OF REVIEW

Title III, Section 202, Tribal Code of Justice provides as follows:

Jurisdiction of Court of Appeals.

The jurisdiction of the Court of Appeals shall extend to all appeals from final orders and judgments of the Tribal Court. The Court of Appeals shall review de novo all determinations of the Tribal Court on matters of law, but shall not set aside any factual determinations of the Tribal Court if such determinations are supported by substantial evidence, (emphasis added).

DISCUSSION

Defendant/Appellant argues that her arrest by Officer White at the Fort Peck Housing Unit was illegal or defective. Defendant argues first that since the place of arrest was outside of the Poplar city limits, the arrest was illegal. The other contention is that since there were two officers present, one being a tribal officer, the arrest should have been made by the Tribal Officer. The arrest was made by the Poplar City police officer, which Defendant argues makes the arrest defective.
We will first discuss the argument of defective arrest, since it readily ties into the other.
The first issue is whether the arrest should have been made by Officer *358 First at the scene. We look to the Code Section applicable at the time of this appeal, which is Title II, Chapter 2, Section 208 of Tribal Code of Justice,[1] which provided:

State and local law enforcement officials authorized to make arrests.

(a) All law enforcement officials vested with general law enforcement authority by the State of Montana, or by any County or City within the boundaries of the Fort Peck Reservation and approved by Executive board on recommendation of the safety committee, are hereby authorized to arrest Indians on any highway on the Reservation or within the boundaries of the cities of the Reservation for violations of the Tribal Code of Justice. Each jurisdiction shall from time to time submit the names of new law enforcement officials to the safety committee for approval, (emphasis added).
(b) Upon arresting any Indian as authorized by this Section, such law enforcement officials shall promptly deliver the individual to the Tribal Court or to the appropriate tribal law enforcement officers for action under tribal laws, (emphasis added).
There is nothing in Section 208 which suggests that the arrest by Officer White at the scene was defective. All the Section required was that upon arrest of a tribal person, as was the ease here, the person arrested be referred to Tribal authorities for procedures and appropriate action. That was done in the present ease, and there is no evidence presented to the contrary. The jury heard and considered the factual matters of where the arrest was made and who was present. We see nothing indicating the findings were not supported by substantial evidence. After arrest, Defendant Big Talk was brought to the tribal jail and appropriate action followed in the Tribal Court.
The second sub-issue of the issue deals with the question of whether Officer White had authority to arrest the Defendant outside the Poplar city limits.
There was in place at the time of this incident and arrest, the following Resolution of the City of Poplar, which stated: Police Jurisdiction
Five Mile Limit. The police chief and all the police officers of the city shall have and are granted permission to exercise their ordinary duties as peace officers to prevent intoxication, fights, riots, loud noises, to disturb the public peace or which are offensive to the public morals, within the city and within five miles of the limits thereof, (emphasis added).
This resolution effectively extended the arrest authority as granted by Section 208, supra, to the city limits and a five mile radius thereof. The arrest of Defendant Big Talk took place within the five mile radius and was therefore proper and authorized. The arrest was made within the “jurisdictional boundaries” of the City of Poplar.
We hold that the record and law support the findings of the Fort Peck Tribal Court and therefore affirm the conviction of Defendant Big Talk.
Based on the above, we hereby affirm the conviction on both charges and order the remand of the matter to the Fort Peck Tribal Court for execution of sentence.
Concur: GARY P. SULLIVAN, Associate Justice, JAMES DECOTEAU, Associate Justice.

. Code sections have since been amended and renumbered.